<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>         Plaintiff,<br><br>   v.<br><br>IRS,<br><br>         Defendant. | Case No. 23cv0786 (EP) (ESK)<br><br>**OPINION** |

**PADIN, District Judge.**

  Plaintiff Joseph Aruanno, a civilly-committed sex offender in the Special Treatment Unit ("STU") in Avenel, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. D.E. 2. For the reasons stated herein, the Court will **DENY** Aruanno's IFP application, as well as his requests for a guardian ad litem and for a transfer of this Complaint. The Court will also administratively terminate the Complaint. However, Aruanno may reopen the proceedings by paying the $402 filing and administrative fees within 30 days of this Opinion and the accompanying Order.

**I.  BACKGROUND**

  **A.  Proceedings in the Northern District of California**

  Aruanno filed this Complaint against the Internal Revenue Service ("IRS") in the United States District Court for the Northern District of California ("Northern District") on December 16, 2022. D.E. 1. *See Aruanno v. IRS*, No. 22cv8915 (PJH) (N.D. Cal. Dec. 16, 2022). The Complaint alleges that STU officials confiscated the economic impact payment ("EIP") that the IRS sent Aruanno pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). D.E. 1 at 4. He alleges this violated an order issued

by the Honorable Phyllis J. Hamilton, N.D. Cal., in another case that found "that the Department of Treasury and Internal Revenue Service could not withhold advance refunds or credits to individuals solely because they were incarcerated." D.E. 4 at 1 (citing *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020)).  Aruanno requests that the two confiscated EIP payments be returned to the IRS and that the Court issue an order preventing the IRS from mailing any funds to him at the STU.  *Id.* at 5.  He also requests $605.90 compensatory relief and $10 million in punitive damages.  *Id.*   Finally, he requests to proceed IFP.  D.E. 2.

Judge Hamilton concluded Aruanno could not bring his claims in the Northern District because Aruanno's "claim involves entirely different defendants located in the District of New Jersey.  Plaintiff's claim involves interference by prison officials in withholding his EIPs, not the issuance of funds by the *Scholl* defendants and the CARES Act." D.E. 4 at 1.  She transferred the Complaint to this District for consideration on February 9, 2023 without deciding Aruanno's IFP application.  *Id.*

### B. Proceedings in the District of New Jersey

The Complaint was docketed in the District of New Jersey on February 10, 2023.  D.E. 5. On April 12, 2023, this Court issued an Order to Show Cause directing Aruanno to state why the Court should not deny his IFP application based on his history of frivolous filings in the District of New Jersey and the Third Circuit.  D.E. 6.  Aruanno filed a response on May 22, 2023.  D.E. 7 ("OTSC Resp.").

In his response, Aruanno argues that the Court may not proceed without first appointing a guardian ad litem for him because he has been adjudicated as incapacitated.  *Id.* at 1.  He also asks the Court to transfer the Complaint back to the Northern District because it is part of the *Scholl* litigation.  *Id.* at 2.  Aruanno asserts the Court should grant IFP status because the Orders dismissing his prior complaints are invalid.  *Id.* at 5.

## II. LEGAL STANDARD

"It is clear that the granting of applications to proceed *in forma pauperis* is committed to the sound discretion of the district courts." *United States v. Holiday*, 436 F.2d 1079, 1079 (3d Cir. 1971) (per curiam). "The federal *in forma pauperis* statute, enacted in 1892 and codified as 28 U.S.C. § 1915, 'is designed to ensure that indigent litigants have meaningful access to the federal courts.' This Court has the discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege." *Aruanno v. Davis*, 168 F. Supp. 3d 711, 714 (D.N.J. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). *See also In re McDonald*, 489 U.S. 180 (1989) (per curiam) (denying IFP status to non-prisoner seeking a writ of habeas corpus, where the person had pursued 73 prior filings). "This Court's discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege derives from § 1915(a) itself, and federal courts' 'inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *Aruanno*, 168 F. Supp. 3d at 715 (quoting *McDonald*, 489 U.S. at 185 n.8) (internal citation omitted). *See* 28 U.S.C. § 1915(a) ("any court of the United States *may* authorize the commencement ... of any suit ... without prepayment of fees or security therefor" (emphasis added)).

## III. DISCUSSION

### A. Transfer to the Northern District

Aruanno argues that the Court should transfer his Complaint back to the Northern District "[b]ecause this case originates in California which had sole jurisdiction and because that court reviewed the exact same issues which resulted in a conclusion which was-is BINDING in all 50 states . . . ." OTSC Resp. at 3. Plaintiff's claim involves interference by prison officials in

withholding his EIPs, not the issuance of funds by the Scholl defendants and the CARES Act." D.E. 4 at 1.

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Judge Hamilton of the Northern District ordered the transfer of Aruanno's Complaint to this District because his Complaint concerned "entirely different defendants located in the District of New Jersey. The Complaint is properly filed in the District of New Jersey because Aruanno's main allegation is that STU officials in Avenel, New Jersey, confiscated his CARES Act EIP payments. Thus, the Northern District appropriately transferred the Complaint to this District. Aruanno's request to transfer the Complaint back to the Northern District will be **DENIED**.

### B. Appointment of Guardian ad Litem

Aruanno asserts that the Court is required to appoint a guardian ad litem before proceeding. OTSC Resp. at 4. "[I]t is the federal district court's obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented in an action.'" *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (quoting Fed. R. Civ. P. 17(c)(2)). However, "a district court need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* The Court need only undertake a Rule 17(c) evaluation when "there is verifiable evidence of incompetence." *Id.*

Aruanno has not satisfied this standard. "Despite his bald allegations, we have in the past affirmed a decision that found no evidence that Aruanno is legally incompetent, and he has not presented us with any new evidence of ineptitude." *Aruanno v. Johnson,* 683 F. App'x 172, 176 (3d Cir. 2017) (citing *Aruanno v. Davis*, 168 F. Supp. 3d 719, 724 (D.N.J. 2016), *aff'd*, No. 16-

1855, 2017 WL 619993 (3d Cir. Feb. 15, 2017)). *See also Aruanno v. Velez*, No. 12-0152, 2012 WL 1232415, at *3 n.2 (D.N.J. Apr. 12, 2012), *aff'd*, 500 F. App'x 126 (3d Cir. 2012). Aruanno's civil commitment is not in and of itself enough to trigger the Court's obligation under *Powell*. "[T]o the knowledge of this Court, no court has found Aruanno legally incompetent. This Court cannot say that there is 'verifiable evidence' indicating that Aruanno is an 'incompetent person' within the meaning of Rule 17(c)." *Aruanno*, 2012 WL 1232415, at *3 n.2. The Court is satisfied that no Rule 17(c) assessment is required by *Powell*.

### C.   IFP Application

The Court now turns to Aruanno's IFP application. IFP "status is a privilege rather than a right." *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 123 (3d Cir. 2013) (per curiam). Aruanno has abused this privilege. Therefore, the Court will exercise its discretion to deny Aruanno's IFP application.

The Court's inherent authority to deny IFP status mirrors the Prison Litigation Reform Act's ("PLRA") "three strikes" provision that prohibits prisoners from proceeding IFP if they have on "3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Aruanno is not a prisoner within the meaning of § 1915(g) "because he is detained pursuant to New Jersey's Sexually Violent Predator Act." *Aruanno*, 168 F. Supp. 3d at 715 n.2 (citing *Tavares v. Attorney General USA*, 211 F. App'x 127, 128 n.2 (3d Cir. 2007)). However, the Third Circuit has affirmed the use of a "PLRA-type limitation to Aruanno's applications to proceed IFP" in prior cases. *See Aruanno v. Davis*, 679 F. App'x 213, 214 (3d Cir. 2017) (affirming district court's denial of IFP).

5

The Court follows three steps in making this decision: "(1) ensuring that there are 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions,' (2) allow[ing] the litigant 'to show cause why the proposed injunctive relief should not issue'; and (3) 'narrowly tailor[ing]' the injunctive order 'to fit the particular circumstances of the case before the District Court.'" *Id.* at 215 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

1. *Exigent Circumstances*

Aruanno is a frequent litigant in this District, having filed approximately 42 civil actions in this Court alone since 1999. Plaintiff received permission to proceed IFP in many of those actions. *See Aruanno v. Davis*, 679 F. App'x 213, 215-16 (3d Cir. 2017) ("As noted, the District Court stated that Aruanno had filed 'over 39 civil actions' and '45 appeals,' and those numbers have increased since the District Court's writings."). *See also Aruanno*, 168 F. Supp. 3d at 718 n.3 (citing cases). At least three of these actions were dismissed for failure to state a claim. *See Aruanno v. Johnson, et al.*, No. 11cv1151 (D.N.J. dismissed Aug. 13, 2013) D.E. 24; *Aruanno v. John/Jane Does 1-10, et al.*, No. 12cv7694 (D.N.J. dismissed Jan. 14, 2013) D.E. 3; *Aruanno v. Green, et al.*, No. 09cv1542 (D.N.J. dismissed Aug. 30, 2012) D.E. 19. Additionally, the Third Circuit has recognized that Aruanno "has a history of abusive filings." *Aruanno*, 679 F. App'x at 215.

The Court concludes that Aruanno's decades-long history of filing abusive and frivolous complaints constitutes exigent circumstances justifying the denial of his pending IFP application.

2. *Order to Show Cause*

The Court issued an Order to Show Cause on April 12, 2023 asking Aruanno why the Court should not deny his IFP application based on his history of frivolous filings. D.E. 6. Aruanno

responded that he had already been granted IFP status in the Northern District. OTSC Resp. at 4. He also challenged the validity of the prior dismissals, arguing that his prior actions were dismissed "to lighten a case load; to serve as a deterrent to discourage any further attempts to file any further complaints . . . or just plain spite . . . ." *Id.* at 5. He added that he would not have had to file so many actions if the courts had "taken action as CONSTITUTIONALLY OBLIGATED . . . ." *Id.* None of these reasons are persuasive.

Aruanno is not entitled to IFP on the grounds that the Northern District granted IFP to plaintiffs in the *Scholl* proceedings. First, the docket for *Scholl* indicates that plaintiffs paid the filing fee instead of applying for IFP status. *See Scholl v. Mnuchin*, No. 4:20cv05309 (PJH) (N.D. Cal. Aug. 1, 2020).[1] D.E. 1. Second, Aruanno would be required to apply for IFP or pay the filing fee for this Complaint even if the *Scholl* plaintiffs had proceeded IFP because a separate filing fee or IFP application is required for each civil action a plaintiff seeks to file. *See* 28 U.S.C. § 1915; Local Civ. R. 54.3(a) ("Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States . . . unless the fee therefor is paid in advance.").

Aruanno's argument that his litigation history is irrelevant is equally unpersuasive. Specifically, he argues "that this Court should not use his litigation history to support the conclusion that he has abused the privilege of proceeding IFP because those dismissals were improper and he wouldn't have to keep bringing new cases if the Court had granted him relief instead of dismissing his prior cases." *Aruanno v. Davis*, 168 F. Supp. 3d 711, 717-18 (D.N.J.

---

[1] The Court takes judicial notice of the public docket. *See Orabi v. AG of the United States*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

2016). This argument has no more merit now than it did on previous occasions in which Aruanno raised it. *See id.* at 718 ("Aruanno has provided no support for his contention that the dismissal of his prior civil rights cases was improper. Accordingly, this argument lacks merit."). The Court concludes that Aruanno has not established why the Court should grant his IFP application.

### 3. Narrowly Tailored Relief

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184, (1989) (per curiam). "A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Id.*

The Court concludes that denying Aruanno's IFP application sufficiently balances the Court's duty to promote justice and Aruanno's ability to petition the courts for redress. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 418 (D.C. Cir. 2009) ("[C]ourts have authority to deny IFP status to prisoners who abuse the privilege but who are not technically barred by the PLRA."). His pending Complaint alleges STU officials withheld two checks issued to him by the IRS, so Aruanno will not be in imminent danger of serious physical injury as a result of the Court's denial of IFP. The Court will administratively terminate the Complaint, and Aruanno may reopen the proceedings by submitting the $350 filing fee and $52 administrative fee.

The Court emphasizes that this decision is limited to this Complaint and this IFP application. The Court does not opine on whether Aruanno may proceed IFP on a complaint alleging a different set of facts or in habeas corpus proceedings.

8

## IV. CONCLUSION

For the reasons stated above, the Court will **DENY** the IFP application.  An accompanying Order will be entered.

| | |
|---|---|
| 8/10/2023 | /s/ Evelyn Padin |
| Date | Evelyn Padin, U.S.D.J. |